CHARLES E. CROUSE, as Survivor, etc., Appellant, *v.* THE FIRST NATIONAL BANK of Penn Yan, Respondent.

A draft payable "at sight, protest waived," was on February fifteenth sent by the firm of C. & W. to defendant for collection.  D. the drawee lived in the country some distance from the place where defendant's bank is located.  In accordance with the custom in case of drafts on parties residing in the country where no special instructions were given, defendant on the day the draft was received notified D. by mail of its receipt.  On February twenty-first D. came into the bank, the draft was presented to him, he accepted it, making it payable at the defendant bank, and promised to pay the next week.  Defendant's cashier on that day notified said firm, acknowledging receipt of draft, stating it was payable the next week, and that D. said this was the best he could do.  On March third C. & W. wrote to defendant asking if D. had made arrangements to pay the draft.  On March sixth D. made an assignment for the benefit of his creditors, and on the same day defendant answered the firm's letter, informing it of the assignment.  In an action to recover damages for alleged negligence in collecting the draft, plaintiff recovered judgment for its amount.  *Held*, error; that the facts failed to show negligence on the part of defendant, or that C. & W. had suffered any damages by reason of any omission on defendant's part.

(Argued February 9, 1893; decided February 28, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made July 7, 1891, which reversed a judgment in favor of plaintiff entered upon the report of a referee, and ordered a new trial.

This action was brought to recover damages for defendant's alleged negligence in and about the collection of a draft sent to it by plaintiff.

Dinehart being indebted to the firm of Crouse & Walrath in the sum of $800, for goods sold, the firm made a draft in the following form viz. :

'SYRACUSE, N. Y. *Feb.* 14, 1886.

"At sight (protest waived) pay to order of G. H. Lapham, Esq., Cashier. four hundred dollars, value received.

"(Signed)   CROUSE & WALRATH.

" To PETER M. DINEHART, Esq.,

"Friend, N. Y."

On the day of its date this draft was mailed to the defendant, a bank at Penn Yan, N. Y., for collection.   Dinehart lived in the country, at some distance from Penn Yan.   Lapham, defendant's cashier, testified that upon the receipt of the draft, on February fifteenth, he notified Dinehart by mail.   On February twenty-first Dinehart came into the bank and, the draft being presented to him, he said he would pay it next week, and he accepted it across its face, making it payable at the defendant bank.   On the same day Lapham wrote Crouse & Walrath, acknowledging their letter and the draft, and stating it was "payable sometime next week.   Says this is the best he can do."   Subsequently a clerk was sent by the firm to the bank, who inquired about the draft.   He said he was told that "it was all right," but could not remember being told of Dinehart's acceptance. Lapham, the cashier, however, testifies that he told him of the acceptance and of Dinehart's promise to pay it the next week. On March sixth Dinehart made an assignment of his property for the benefit of his creditors.   On March third Crouse & Walrath wrote to the bank and asked if Dinehart had made arrangements to pay his draft.   On March sixth the bank answered, informing them of Dinehart's assignment, and as to the assets and liabilities.   On March seventh the draft was returned to the firm, and in September following the present action was commenced to recover damages, measured by the value of the draft, upon the ground of the bank's negligence in the matter of its collection.

The referee, before whom the trial of the action was had, reported in favor of the plaintiff ; finding the defendant guilty

of negligence in failing to present the draft for acceptance in due time, or to make proper efforts to collect it after acceptance ; and that, by reason of its negligence, the drawers were deprived of the opportunity to collect the draft before the drawee's assignment. He found that the drawers had sustained damages to the amount of the draft, with interest, and directed judgment accordingly.

Further facts are stated in the opinion.

*Thomas Hogan* for appellant. The order of reversal not stating that it was upon the facts, the only question that arises upon this appeal is whether the findings of the referee are wholly unsupported by the evidence. ( *Whitman* v. *Foley,* 125 N. Y. 651, 658 ; *Nichols* v. *Wentworth,* 100 id. 455 ; *Cudahy* v. *Rhinehart,* 133 id. 248 ; *R. R. Co.* v. *Roach,* 97 id. 378 ; *Shaw* v. *N. Y., L. E. & W. R. R. Co.,* 20 Wkly. Dig. 136 ; *Smith* v. *Pettee,* 70 N. Y. 13 ; *Kane* v. *Cortesy,* 100 id. 132 ; *Bond* v. *Bond,* 51 Hun, 507 ; *Lewis* v. *Barton,* 106 N. Y. 70 ; *Crook* v. *Rindskopf,* 105 id. 476.) A question of ·fact was presented as to when the notice was in fact sent, and if the defendant did nothing towards collecting the draft until the twentieth or twenty-first by sending a notice, the referee might properly find that the defendant had been guilty of negligence in the failure to notify Dinehart that they had a draft against him. (Byles on Bills, 182, 186 ; *T. N. Bank* v. *Parker,* 130 N. Y. 415 ; *Ostrander* v. *Hart,* 130 id. 406 ; *Travis* v. *Travis,* 122 id. 499 ; *Ayrault* v. *P. Bank,* 47 id. 570 ; *Joy* v. *Diefendorf,* 130 id. 6 ; 123 id. 191 ; *Austin* v. *Holland,* 69 id. 571, 576 ; *G. S. Co.* v. *Otis,* 100 id. 446 ; *Rosenthal* v. *Walker,* 111 U. S. 193 ; *F. N. Bank* v. *F. N. Bank,* 89 N. Y. 412.) The referee was warranted in finding that the defendant was guilty of negligence, and his findings are well supported by the evidence. (Daniels on Neg. Inst. §§ 323, 327, 341, 342 ; Edwards on Bills [3d ed.] §§ 561, 563, 637, 656, 658 ; Byles on Bills [6th ed.] 186, 281 ; Randolph on Com. Paper, § 568 ; *Allen* v. *Suydam,* 20 Wend. 321 ; *Allen* v. *M.*

*Bank,* 22 id. 215; *F. N. Bank* v. *F. N. Bank,* 77 N. Y. 320; 89 id. 412; 24 Hun, 241; *Ayrault* v. *P. Bank,* 47 N. Y. 571; *Walker* v. *Bank State N. Y.,* 9 id. 582; *C. Bank* v. *U. Bank,* 11 id. 203; *M. Bank* v. *A. Bank,* 7 id. 459; *Shipsey* v. *B. Bank,* 59 id. 485; *Failing* v. *Fargo,* 12 Wkly. Dig. 121; *F. R. U. Bank* v. *Williard,* 5 Metc. 216.) The measure of damages which the holder is entitled to recover of the collection agent is the actual loss which it has suffered, and which is *prima facie* the amount of the bill, with interest. (Daniels on Neg. Insts. § 329; *Bank of New Haven* v. *Kenna,* 76 N. C. 340.) The question as to whether the commencement of the replevin action by the plaintiffs after the assignment in any manner affected the plaintiff's right to recover does not arise in this appeal, for the reason that the record does not present any finding or request to find on that subject, and no request to nonsuit or dismiss the complaint or exception to a refusal to do so appears on the record. (*Dalle* v. *Rhinehart,* 27 N. Y. S. R. 994; *Pearse* v. *Pettis,* 46 Barb. 276; *Kinney* v. *Kernan,* 47 N. Y. 164; *Mills* v. *Parkhurst,* 126 id. 89; *C. E. Bank* v. *F. Bank,* 118 id. 443; *Morris* v. *Rexford,* 18 id. 552; *Wile* v. *Brownstein,* 35 Hun, 68.)

*John T. Knox* for respondent. The defendant was not guilty of any negligence respecting the collection of the draft. It did all in its power, and what it did was done with the full knowledge and ratification of its acts by the plaintiff. (*Allen* v. *Suydam,* 20 Wend. 321.) The plaintiffs have lost any remedy they may have had against the bank, by their conduct in disaffirming the sale and electing to take the goods delivered to the drawee, claiming the sale was void for fraud on his part in obtaining them. (*Wallace* v. *O'Gorman,* 6 N. Y. Supp. 890; *Fowler* v. *B. S. Bank,* 113 N. Y. 450; *Conrow* v. *Little,* 115 id. 387; *Terry* v. *Munger,* 49 Hun, 560; 30 N. Y. S. R. 746; 121 N. Y. 161; *Roberts* v. *Ely,* 9 N. Y. S. R. 796; 113 N. Y. 281; *Muller* v. *Tuska,* 87 id. 166; *Bowen* v. *Mandeville,* 97 id. 237; *Riley* v. *A. S. Bank,* 21

Wkly. Dig. 319; 103 N. Y. 669; *Thompson* v. *Fuller*, 41
N. Y. S. R. 224; *Wile* v. *Brownstein*, 35 Hun, 68.)    The
plaintiffs cannot recover in any event anything more than
mere nominal damages.    (*Allen* v. *Suydam*, 20 Wend. 321;
*Mott* v. *H. N. Bank*, 23 Hun, 354; *Myers* v. *M. L. Ins.
Co.*, 32 id. 321; *Van Wart* v. *Wooley*, 3 B. & C. 439.)

GRAY, J.    We think the reversal of the judgment was right.
The facts disclosed by the evidence did not make out a case of
negligence; nor did they show that the plaintiff's firm had suf-
fered any damage by reason of anything on the part of the
bank.    The evidence was wholly insufficient to support the
referee's findings in those respects.

As we read this record, no inference was permissible from
the evidence that the bank had failed in any duty towards the
plaintiff's firm.    The draft in question was merely a convenient
mode adopted by the firm of Crouse & Walrath to collect a
portion of a debt due them from Dinehart, and the defendant
bank was made their agent for the mere purpose of collection.
Dinehart lived in the country, at some distance from Penn
Yan, and, as it was testified to without objection, the custom
of the bank in that place, where they held drafts upon parties
residing in the country, was to notify them by mail; unless
especial instructions were given to present the paper, in which
case a notary would be employed.    Here, the plaintiff's firm
had expressly waived protest of the draft, and there was no
requirement for presentment by a notary, or for any extraor-
dinary course with respect to it.    There was no question in
the case of holding other parties, and there was nothing in the
relations of plaintiff's firm with the defendant, which made it
incumbent upon the bank to exercise other than that usual and
ordinary diligence in the performance of the duty of the
assumed agency, which the circumstances called for.    The
plaintiff's firm were notified by letter of the draft being pay-
able in the following week, as the best that Dinehart could do
about it; their clerk was sent to inquire about it, and the draft
was not only left with the bank with no further instructions

about it, but, on March third, they wrote, asking if Dinehart had made arrangements to pay the draft, and thus recognizing and tacitly ratifying what the bank had done. Not only was the bank not bound to do more than it had done, but it is difficult to see what more it could have done. It was without especial instructions, and the plaintiff's firm were sufficiently apprised of the situation to make it incumbent upon them to further instruct the bank, if they desired it to do more. Knowing of the nonpayment of the draft, it behooved them to act in the matter for their own interests. The strict rules which usually are applied with respect to commercial paper, in matters of presentment, demand and notice, do not apply to such a case as this; as the General Term very correctly observe in their opinion. The defendant acted as the plaintiff's agent to collect a part of a debt, and, in view of the circumstances and with the knowledge chargeable to the principal as to its conduct of the matter, it could not be inferred from the evidence that it was guilty of any negligence in the discharge of its duty.

It may be added that there was an utter lack of evidence to afford a presumption of damage to the plaintiff's firm from the conduct of the defendant. No inference was possible from the evidence that there was a reasonable probability that the debt would have been paid, if Dinehart had been pressed for payment, from the time when the draft was presented until he assigned.

The order appealed from should be affirmed and judgment absolute ordered for the defendant on the stipulation, with costs in all the courts.

All concur.

Order affirmed and judgment accordingly.